UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHARLES L. BAILEY, JR., ) | |
| ) | Case No. 2:25-cv-3 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Cynthia R. Wyrick |
| HAWKINS COUNTY CORRECTIONAL ) | |
| FACILITY, ) | |
| ) | |
| *Defendant*. | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the Hawkins County Correctional Facility ("HCCF"), filed a complaint for violation of 42 U.S.C. § 1983 (Doc. 1), in which he requests appointment of counsel (*id.* at 4), a motion for leave to proceed *in forma pauperis* (Doc. 4), and his inmate account certificate (Doc. 7). The Court will address Plaintiff's motion (Doc. 4) before addressing his request for appointment of counsel and screening his complaint (Doc. 1).

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A)

and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum opinion shall be placed in Plaintiff's institutional file and follow him if he is transferred to different facility.

## II.    COUNSEL

As set forth above, Plaintiff requests appointment of counsel (Doc. 1, at 4). In support of this request, Plaintiff states only that he cannot afford counsel (*id.*). Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, in his complaint, Plaintiff seeks relief under § 1983 based on incidents in which HCCF officials have had him and other inmates use only their blankets to cover their bodies while the officials do the inmates' laundry (*id.* at 1–4), which is not a factually or legally complex claim. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims.

Accordingly, this is not an extraordinary case where Plaintiff is entitled to appointment of counsel, and his request for this relief (*id.* at 4) is **DENIED**.

## III. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

HCCF officials do the inmates' laundry twice a week, and this laundry process takes "several hours" (Doc. 1, at 2–3). Since 2010, Plaintiff has been confined in the HCCF for

3

approximately ten years (*id.* at 3). In this time, Plaintiff witnessed and/or was subjected to "a whole lot" of incidents in which, during laundry time, he and/or other inmates who are either indigent or have not received any extra clothing items from commissary yet due to just coming to the HCCF are left with no clothes, including no underwear, to wear while HCCF officials do laundry (*id.* at 1–4). The HCCF officers tell the inmates that this is because the other uniforms and/or underwear are dirty and the HCCF does not have enough extra uniforms or underwear for them (*id.* at 2). Also, when these incidents occur, HCCF officials tell the inmates without clothing to cover up with their blankets, which Plaintiff feels violates his constitutional rights, including his right "to be treated fairly and equally," especially as other inmates may be murderers or rapists (*id.* at 1, 3).

Plaintiff has sued the HCCF (*id.* at 1, 3). Plaintiff requests only to file this lawsuit and waiver of the filing fee and does not state what relief he seeks for his claims (*id.* a 1–4).

### C. Analysis

First, while Plaintiffs requests waiver of the filing fee in his complaint, the Court cannot grant this request, as the filing fee for this § 1983 action is due at the time the complaint is filed and cannot be waived. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed."); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) ("All prisoners . . . must now pay the required filing fees and costs. . . . Prisoners are no longer entitled to a waiver of fees and costs."); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). And as Plaintiff's complaint does not seek any relief for his claims, it does not contain a "demand for the relief sought," as Rule 8(a)(3) of the Federal Rules of Civil Procedure requires.

Also, the HCCF, which is the only Defendant that Plaintiff has sued, is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Additionally, even if the Court liberally construes the complaint against Hawkins County, which is a suable entity under § 1983, *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978), this municipality may only be liable under § 1983 if its custom or policy caused a violation of Plaintiff's constitutional rights. *Id.*; *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("There can be no liability under *Monell* without an underlying constitutional violation.") (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014))). The Court liberally construes Plaintiff's complaint to assert that his lack of extra clothing during the hours when HCCF officials do the inmates' laundry (1) violates his Fourteenth Amendment rights because it subjects him to a risk of harm and (2) violates his right to equal protection. For the reasons set forth below, however, Plaintiff has not adequately alleged that these incidents caused any violation of his constitutional rights, and his complaint therefore fails to state a plausible § 1983 claim against Hawkins County. The Court will address these claims in turn.

    **A.    Fourteenth Amendment**

As set forth above, Plaintiff alleges that, on an unspecified number of occasions during his ten-year incarceration in the HCCF over a period of fifteen years, he has had to use only a blanket to cover himself for "several hours" while officials did the inmates' laundry and while Plaintiff was around other inmates who might be murderers and rapists. For purposes of analyzing whether these allegations state a plausible claim under § 1983, the Court presumes that Plaintiff is a pretrial

5

detainee and therefore analyzes them under the Fourteenth Amendment.[1] *Brawner v. Scott Cnty., Tenn.,* 14 F.4th 585, 596 (6th Cir. 2021).

As the Court presumes that Plaintiff was a pretrial detainee, a jail official could not punish him through deliberate or reckless indifference "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Plaintiff has not alleged or set forth any facts suggesting that the incidents in which he had to cover up with a blanket while HCCF officials laundered inmates' uniforms and underwear created an unjustifiable risk of harm to him, such that they rose to the level of a violation of his Fourteenth Amendment rights. While Plaintiff speculates that he may have been housed with murderers or rapists during these incidents, he does not actually allege that this was the case, nor does he set forth facts suggesting that any HCCF official knew or had any reason to believe that having Plaintiff cover up with a blanket while his uniform and underwear were washed placed him at unjustifiable risk of harm from other inmates or any other unjustifiable risk of harm. To the contrary, it is apparent that these incidents were merely temporary inconveniences that do not rise to the level of a constitutional violation. *Dellis v. Corrs. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001) (providing that temporary inconveniences "did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency").

---

[1] As the Court finds that Plaintiff has failed to plausibly allege a punishment claim under the Fourteenth Amendment, which provides pretrial detainees more protection than the Eighth Amendment provides convicted prisoners, it is evident that this claim also would not survive Eighth Amendment scrutiny. *See Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment") (citations omitted).

6

Accordingly, Plaintiff's complaint fails to state a plausible claim for violation of his Fourteenth Amendment rights.

### B. Equal Protection

Plaintiff also appears to allege that HCCF officials requiring him and other inmates who do not have extra underwear and/or uniforms to use a blanket to cover themselves while their uniforms and underwear are laundered violates his right to equal protection. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

A plaintiff alleging a violation of his right to equal protection must be similarly situated to the comparative individuals in all relevant respects. *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (providing that "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it'" (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998))). Also, the mere fact that other inmates were treated differently is not sufficient to support an equal protection claim. *Newell v. Brown*, 981

F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993). Rather, a prisoner alleging an equal protection claim must have been "victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)).

Plaintiff's complaint does not allow the Court to plausibly infer any violation of his right to equal protection. Specifically, it is apparent from Plaintiff's complaint that only inmates who do not have extra uniforms and/or underwear, either because they are indigent or new to the jail and therefore have not yet received those items from commissary, have occasionally been left to cover up with a blanket while HCCF officials do their laundry, but inmates who have extra clothing do not have to cover up with their blankets. However, for equal protection purposes, inmates who do not have extra uniforms and underwear are not a suspect class, nor are they "similarly situated" to inmates who do have extra uniforms and/or underwear. Rather, the fact that some inmates have extra clothing to wear while their other clothing is laundered is a distinction that sufficiently explains why those inmates do not have to cover up with blankets while inmates without those items do have to use blankets to cover themselves.

Accordingly, Plaintiff's complaint fails to state a plausible claim for violation of his right to equal protection.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

8

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's request for appointment of counsel (Doc. 1, at 4) is **DENIED**;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**